UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5404 FMO (ASx) | Date | August 16, 2022 |
|---|---|---|---|
| Title | Christopher Kawata v. Me & Brothers Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Gabriela Garcia | None | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorney Present for Plaintiff(s):　　　　　Attorney Present for Defendant(s):

None Present　　　　　　　　　　　　　　None Present

**Proceedings:** (In Chambers) Order Remanding Action

On July 11, 2022, plaintiff Christopher Kawata ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Me & Brothers Inc. ("MEI") and Julio Barrientos ("Barrientos") (collectively, "defendants"). (Dkt. 1, Notice of Removal [ ] ("NOR") at ¶ 1); (id., Exh. A (Complaint) at ECF 8). On August 1, 2022, MEI removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (Id. at ¶¶ 4, 10). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5404 FMO (ASx) | Date | August 16, 2022 |
|---|---|---|---|
| Title | Christopher Kawata v. Me & Brothers Inc., et al. | | |

motion or sua sponte").

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2] Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a).[3] Here, there is no basis for diversity jurisdiction because complete diversity does not exist between the opposing parties.

Plaintiff appears to be a citizen of California, (see Dkt. 1, NOR at ¶ 5(a)), and MEI is a citizen of Utah. (Id. at ¶ 5(b)). However, MEI does not set forth Barrientos's citizenship. (See, generally, id. at ¶ 5) (failing to set forth Barrientos's citizenship). Indeed, MEI does not mention Barrientos at all. (See, generally, Dkt. 1, NOR).

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."), the court is not persuaded, under the circumstances here, that MEI has met its burden of showing that the parties are diverse. See Matheson, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnote omitted); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (same).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

---

[2] MEI seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

[3] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 22-5404 FMO (ASx)** | Date | **August 16, 2022** |
|---|---|---|---|
| Title | **Christopher Kawata v. Me & Brothers Inc., et al.** | | |

    1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

    2.  The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | gga | |